C. C. McClees, Guardian of Thomas L. Shepherd, an incompetent v. Commissioner.
McClees v. Commissioner
Docket No. 4368.
United States Tax Court
1945 Tax Ct. Memo LEXIS 346; 4 T.C.M. (CCH) 39; T.C.M. (RIA) 45019; January 16, 1945
R. M. Gantt, Esq., for the petitioner. Philip A. Bayer, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves a deficiency in Federal income taxes for the calendar year 1941 in the amount of $122.80. The single issue is whether certain *347 amounts expended for legal fees and court costs are deductible as non-trade or non-business expenses within the purview of section 23(a)(2) of the Internal Revenue Code, as added by section 121 of the Revenue Act of 1942. The case was submitted on certain exhibits. Findings of Fact Petitioner, C. C. McClees, is the duly appointed, qualified and acting guardian of the Estate of Thomas L. Shepherd, an incompetent. Petitioner is a resident of Durham, North Carolina. His Federal income tax return for the year 1941 was filed with the collector of internal revenue for the district of North Carolina at Greensboro. North Carolina. Thomas L. Shepherd, an incompetent, is the son of W. T. Shepherd, who died on March 29, 1939, leaving a last will and testament which was duly admitted to probate. By the "Fifth" paragraph of the will of W. T. Shepherd, deceased, he bequeathed and devised his remainder estate in trust. The material part of said paragraph "Fifth" provides as follows: "FIFTH: I give and devise the residue of my estate, real, personal, and mixed, to Durham Bank & Trust Company, Durham, North Carolina, to have and to hold the same to it, its successors *348 and assigns, IN TRUST NEVERTHELESS, to hold and/or distribute the principal and net income thereof upon the conditions and trusts as follows, to-wit: "1. To divide said residuary estate into two parts, one such part to consist of three-fifths (3/5) of said residuary estate and to be known and designated as 'Thomas L. Shepherd Fund' and the other such part to consist of two-fifths (2/5) of the said residuary estate and to be known and designated as 'Annie Moore Shepherd Fund.' "2. For and during the joint lives of Thomas L. Shepherd, my son, and Annie Moore Shepherd, my granddaughter, the Trustee shall pay over the net income, both from the said 'Thomas L. Shepherd Fund' and the said 'Annie Moore Shepherd Fund', as they may respectively be constituted from time to time, to the said Thomas L. Shepherd and/or the said Annie Moore Shepherd, quarterly or more often, in such proportions, either part to each or all to one, as the said Trustee may in its sole, absolute, and unfettered discretion, consider best calculated to achieve the purposes hereinafter set out, viz: "It is my hope and purpose that the income from this trust may keep my son and granddaughter in comfort and furnish *349 my granddaughter opportunities for such education and general intellectual advancement as she may wish and my Trustee shall consider advantageous. It is not my purpose that either of them shall be allotted funds which it may appear would probably be used for the advantage of any other person, except a relative of one of them by blood. Neither is it my intention that either shall be allotted amounts which my Trustee may believe or may by experience find is likely to discourage either of them from living a sober, upright and useful life. Without intending in anywise to restrict the authority and discretion hereinbefore vested in my Trustee, I wish to state that my present opinion is that in the ordinary course of events it would probably be best to give the said Annie Moore Shepherd, my granddaughter, two-fifths (2/5) of the income from the trust and my son, Thomas L. Shepherd, three-fifths (3/5) of such income, reasonably adjusted to any principal distributions which the Trustee may have made to either of them pursuant to the provisions in this will contained. "Upon and after the death of Thomas L. Shepherd or Annie Moore Shepherd the net income thereafter arising from that part of *350 the trust estate not distributable upon the death of that one of them so dying, shall be paid to the survivor, quarterly or more often, so long as he or she shall live and any part of the trust estate shall continue in the hands of the Trustee as hereinafter provided. "3. When the said Annie Moore Shepherd, my granddaughter, shall have attained the age of twenty-five years, the Trustee shall pay over and deliver to her the entire principal of the 'Annie Moore Shepherd Fund,' which it shall have set aside and designated as such, but in the event the said Annie Moore Shepherd shall die prior to attaining the age of Twenty-five years, then upon her death the Trustee shall pay over and deliver the entire principal of the said 'Annie Moore Shepherd Fund,' as then constituted, to her child or children then living, per stirpes, but if there be no such child or children then living the principal of such 'Annie Moore Shepherd Fund' shall pass to my next of kin, provided that the distribution of the 'Annie Moore Shepherd Fund' to Annie Moore Shepherd under the provisions of this paragraph shall not operate to prevent the said Trustee from thereafter paying a part or all of the net income from *351 the said 'Thomas L. Shepherd Fund' to Annie Moore Shepherd, as provided in paragraph two (2) of this will. "4. Upon the death of my son, Thomas L. Shepherd, the Trustee shall pay and deliver over the entire principal of the 'Thomas L. Shepherd Fund,' as then constituted, which it shall have set apart and designated as such, to my next of kin; except that the trust as to the 'Thomas L. Shepherd Fund' may sooner terminate in whole or in part under subdivision'5' of this article." John H. Shepherd, Jr., as guardian of Thomas L. Shepherd, instituted a proceeding in the Superior Court of Durham County, North Carolina, against the Durham Bank & Trust Company as Trustee of the Estate of W. T. Shepherd, Deceased, and Mrs. H. H. Draper, as guardian of Annie Moore Shepherd. The complaint filed in that proceeding alleged in substance that Annie Moore Shepherd, a beneficiary under the will of W. T. Shepherd, referred to therein as a granddaughter of the decedent was of no blood relation and that the decedent had been misled into believing she was in fact his granddaughter; and praying for judgment to that effect. A final judgment was entered, decreeing that Annie Moore Shepherd was not the *352 granddaughter of W. T. Shepherd, deceased; that she had been named a beneficiary, by reason of love and affection; that she was a beneficiary to the full extent set forth in his will; and that the costs were to be taxed against the corpus of the three-fifths of the trust estate referred to in decedent's will as the "Thomas L. Shepherd Fund." Petitioner, in the Federal income tax return for the period involved, claimed a deduction of $491.24 for attorney's fees and court costs incurred in that proceeding. Opinion Petitioner claims the right to deduct the sum of $491.24, as attorney's fees and court costs pursuant to section 23(a)(2) of the Internal Revenue Code as added by section 121 of the Revenue Act of 1942. [1] The respondent disallowed the same in accordance with Regulations 103, section 19.23(a)-15, (as inserted by T.D. 5196, 1942-2 C.B. 96, 97-100; and amended by T.D. 5280, 1943 C.B. 1022, and T.D. 5331, 1944-4 Int. Rev. Bull. 4), which provides as follows: "* * * Expenditures incurred in protecting or asserting one's rights to property of a decedent as heir or legatee, or as beneficiary under a testamentary *353 trust, are not deductible expenses. * * *" In substance the question presented is whether the expenditures for attorney's fees and court costs in a proceeding brought on behalf of the petitioner's ward, Thomas L. Shepherd, were expenses incurred in the "management, conservation, or maintenance of property held for the production of income." Thomas L. Shepherd was an heir and a beneficiary of a testamentary trust created by his father, W. T. Shepherd, deceased. The guardian of Thomas L. Shepherd instituted a suit, the purpose of which was to secure a decree adjudging Annie Moore Shepherd, also named as a beneficiary in the last will of W. T. Shepherd, not to be a beneficiary. If the complainant had been successful an intestacy would result and his ward would benefit as the heir at law of the deceased. A judgment *354 was entered decreeing that Annie Moore Shepherd was a beneficiary to the full extent set forth in the will. Section 121 of the Revenue Act of 1942, which amended section 23(a) of the Internal Revenue Code, was recently construed in Helvering v. Stormfeltz, 142 Fed. (2d) 982. The court said: * * * Expenses for management, conservation or maintenance imparts the idea of utilization and preservation of specific property owned and used by the taxpayer. There was no vitality or value in this claim until plaintiff's right had been established and the amount had been finally recovered. * * * In the instant case the petitioner made a claim to certain property which he neither owned nor used. He did not succeed. The expenditures incurred in an unsuccessful attempt to acquire property are personal expenses. Cf. Bowers v. Lumpkin, 140 Fed. (2d) 927; cert. den., 322 U.S. 755; Don A. Davis, 4 TC 329. As such, their deduction is specifically prohibited by section 24(a)(1) of the Internal Revenue Code. Decision will be entered for the respondent. Footnotes
1. Sec. 23 (a) (2), as added by sec. 121 of the Revenue Act of 1942: "(2) Non-Trade or Non-Business Expenses. - In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."↩